UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BESTOP INC.,

    Plaintiff,                                              Civil Action No. 19-CV-10250

vs.                                                         HON. BERNARD A. FRIEDMAN

WEBASTO THERMO & COMFORT
NORTH AMERICA, INC., et al.,

    Defendants.

_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION TO DISMISS DEFENDANTS' COUNTERCLAIMS**

This matter is presently before the Court on plaintiff's motion to dismiss defendants' counterclaims [docket entry 21]. Defendants have responded and plaintiff has replied. Pursuant to E.D. Mich. 7.1(f)(2), the Court shall decide this motion without a hearing.

This is a patent case. Plaintiff alleges that defendants have infringed five of its patents. In their counterclaims, defendants claim that these patents are invalid for various reasons, that plaintiff has falsely marked its Sunrider for Hardtop product, and that the inventor of plaintiff's inventions engaged in inequitable conduct. In the instant motion, plaintiff seeks dismissal of certain of defendants' counterclaims and affirmative defenses on the grounds that they are not supported by sufficient factual allegations.

Defendants seek dismissal pursuant to Fed. R. Civ. P. 12(b)(6). To survive such a motion, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for

the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

Plaintiff first challenges Counts I through V of the counterclaims which allege that the claims of plaintiff's patents (respectively, the '888 patent, the '356 patent, the '921 patent, the '684 patent, and the '630 patent) "are invalid for failing to comply with the provisions of the Patent Laws, Title 35 of the U.S. Code, including, without limitation[,] one or more of 35 U.S.C. §§ 101, 102, 103, and 112 *et seq.*"[1] Countercls. ¶¶ 59, 89, 109, 131, 148. Plaintiff argues that Counts

---

[1] Section 101, entitled "Inventions patentable," states: "Whoever invents or discovers any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof, may obtain a patent therefor, subject to the conditions and requirements of this title."

Section 102, entitled "Conditions for patentability; novelty," states:

> (a) Novelty; Prior Art.--A person shall be entitled to a patent unless--
>
> (1) the claimed invention was patented, described in a printed publication, or in public use, on sale, or otherwise available to the public before the effective filing date of the claimed invention; or
>
> (2) the claimed invention was described in a patent issued under section 151, or in an application for patent published or deemed published under section 122(b), in which the patent or application, as the case may be, names another inventor and was effectively filed before the effective filing date of the claimed invention.
>
> (b) Exceptions.--
>
> (1) Disclosures made 1 year or less before the effective filing date of the claimed invention.--A disclosure made 1 year or less before the effective filing date of a claimed invention shall not be prior art to the claimed invention under subsection (a)(1) if--
>
> (A) the disclosure was made by the inventor or joint inventor or by another who obtained the subject matter disclosed directly or indirectly from the inventor or a joint inventor; or

(B) the subject matter disclosed had, before such disclosure, been publicly disclosed by the inventor or a joint inventor or another who obtained the subject matter disclosed directly or indirectly from the inventor or a joint inventor.

(2) Disclosures appearing in applications and patents.--A disclosure shall not be prior art to a claimed invention under subsection (a)(2) if--

(A) the subject matter disclosed was obtained directly or indirectly from the inventor or a joint inventor;

(B) the subject matter disclosed had, before such subject matter was effectively filed under subsection (a)(2), been publicly disclosed by the inventor or a joint inventor or another who obtained the subject matter disclosed directly or indirectly from the inventor or a joint inventor; or

(C) the subject matter disclosed and the claimed invention, not later than the effective filing date of the claimed invention, were owned by the same person or subject to an obligation of assignment to the same person.

(c) Common Ownership Under Joint Research Agreements.--Subject matter disclosed and a claimed invention shall be deemed to have been owned by the same person or subject to an obligation of assignment to the same person in applying the provisions of subsection (b)(2)(C) if–

(1) the subject matter disclosed was developed and the claimed invention was made by, or on behalf of, 1 or more parties to a joint research agreement that was in effect on or before the effective filing date of the claimed invention;

(2) the claimed invention was made as a result of activities undertaken within the scope of the joint research agreement; and

(3) the application for patent for the claimed invention discloses or is amended to disclose the names of the parties to the joint research agreement.

(d) Patents and Published Applications Effective as Prior Art.--For

purposes of determining whether a patent or application for patent is prior art to a claimed invention under subsection (a)(2), such patent or application shall be considered to have been effectively filed, with respect to any subject matter described in the patent or application--

(1) if paragraph (2) does not apply, as of the actual filing date of the patent or the application for patent; or

(2) if the patent or application for patent is entitled to claim a right of priority under section 119, 365(a), 365(b), 386(a), or 386(b), or to claim the benefit of an earlier filing date under section 120, 121, 365(c), or 386(c), based upon 1 or more prior filed applications for patent, as of the filing date of the earliest such application that describes the subject matter.

Section 103, entitled "Conditions for patentability; non-obvious subject matter," states:

A patent for a claimed invention may not be obtained, notwithstanding that the claimed invention is not identically disclosed as set forth in section 102, if the differences between the claimed invention and the prior art are such that the claimed invention as a whole would have been obvious before the effective filing date of the claimed invention to a person having ordinary skill in the art to which the claimed invention pertains. Patentability shall not be negated by the manner in which the invention was made.

Section 112, entitled "Specification," states:

(a) In General.--The specification shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same, and shall set forth the best mode contemplated by the inventor or joint inventor of carrying out the invention.

(b) Conclusion.--The specification shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the inventor or a joint inventor regards as the invention.

(c) Form.--A claim may be written in independent or, if the nature of the case admits, in dependent or multiple dependent form.

I, II, and III fail to allege facts that support invalidity under §§ 101 and 112 and that Counts IV and V fail to allege facts that support invalidity under §§ 101-103.

In response, defendants argue that the counterclaims are adequately pled for a number of reasons. First, defendants cite *Summers Mfg. Co., Inc. v. Tri-Cty. AG, LLC*, 300 F. Supp. 3d 1025, 1039 (S.D. Iowa 2017), for its statement that a defendant "is not required to separately allege its invalidity counterclaims based on the individual sections of Title 35." Defs.' Mem. at 8. True enough. But that court also stated that counterclaims must be dismissed if they fail to meet the pleading standards of *Twombly* and *Iqbal*. *Id.* at 1031-32. The court dismissed the invalidity counterclaims in that case not because they listed §§ 101, 102, 103, and 112 in the same count, *see id*. at 1037, 1039, but because defendant listed these sections without alleging any supporting facts.

---

(d) Reference in Dependent Forms.--Subject to subsection (e), a claim in dependent form shall contain a reference to a claim previously set forth and then specify a further limitation of the subject matter claimed. A claim in dependent form shall be construed to incorporate by reference all the limitations of the claim to which it refers.

(e) Reference in Multiple Dependent Form.--A claim in multiple dependent form shall contain a reference, in the alternative only, to more than one claim previously set forth and then specify a further limitation of the subject matter claimed. A multiple dependent claim shall not serve as a basis for any other multiple dependent claim. A multiple dependent claim shall be construed to incorporate by reference all the limitations of the particular claim in relation to which it is being considered.

(f) Element in Claim for a Combination.--An element in a claim for a combination may be expressed as a means or step for performing a specified function without the recital of structure, material, or acts in support thereof, and such claim shall be construed to cover the corresponding structure, material, or acts described in the specification and equivalents thereof.

*See id*. at 1040-42.[2]

Defendants next argue that the counterclaims give plaintiff sufficient notice and that plaintiff seeks, improperly, to impose "hypertechnical code-pleading," as opposed to notice pleading, standards. Defs.' Mem. at 8-9. Here defendants cite 27-year old, unpublished, pre-*Twombly* authority for the proposition that in deciding a motion to dismiss "a court should ask whether relief is possible under any set of facts that could be established consistent with the allegations." *Id.* at 8 (quoting *Yakubek v. Rex*, 963 F.2d 374 (6th Cir. 1992) (Table)). This, however, is the 12(b)(6) standard from *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), that *Twombly* specifically abrogated.

---

[2] The court's discussion of this point bears repeating:

> In *Smith* [*Smith v. Cleasby Mfg. Co.*, No. 13-00103, 2013 WL 12145972 (W.D. Mo. July 17, 2013)], the court determined under *Twombly* and *Iqbal* the defendant's invalidity counterclaim failed as it merely stated the plaintiff's patents were invalid under "on[e] or more provisions" of Title 35. *Id*. at *1, *7 (alteration in original). Although the court in *Smith* did note there were at least five ways for a patent to be invalidated, it did not dismiss the counterclaim based on the defendant's failure to separately format and allege each section of Title 35. *Id*. at *6-7. Rather, because the defendant "merely state[d] a legal conclusion with no supporting facts" as to why it believed the patent was invalid under the various sections of Title 35, the defendant failed to state a plausible claim of invalidity. *Id*. at *7. This formulation concern is also absent from cases reaching similar invalidity conclusions. *See, e.g., Gemcor II, LLC v. Electroimpact, Inc.*, No. 11-CV-2520, 2012 WL 628199, at *1 (D. Kan. Feb. 27, 2012) (dismissing an invalidity counterclaim because, among other things, the counterclaim plaintiff failed to explain how Title 35 applied to each patent); *Genetic Techs. Ltd. v. Interleukin Genetics, Inc*., No. 10-cv-69-bbc, 2010 WL 3362344, at *1 (W.D. Wis. Aug. 24, 2010) (dismissing an invalidity counterclaim because the counterclaim plaintiff did not "allege any facts that would suggest why the patent may be unenforceable").

*Summers*, 300 F. Supp. 3d at 1039.

*See Bailey v. City of Ann Arbor*, 860 F.3d 382, 388-89 (6th Cir. 2017) ("The Supreme Court overruled the *Conley* standard in *Bell Atlantic Corp. v. Twombly*").

In the next paragraph defendants at first get back on track by acknowledging that they must "plead[] a claim for relief that is plausible on its face," but they then go off the rails again by asserting that they should not be required to "fil[e] repetitive, comprehensive claims for relief setting forth each and every legal theory on which [they] may rely." Defs.' Mem. at 9. Defendants cite *Johnson v. City of Shelby, Miss.*, 135 S. Ct. 346 (2014), in which the district court dismissed plaintiffs' civil rights complaint because it failed to cite 42 U.S.C. § 1983. The Supreme Court reversed because "[f]ederal pleading rules . . . do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Id.* at 346. The Court reiterated that under *Twombly* and *Iqbal* a pleading must allege "facts sufficient to show that [the] claim has substantive plausibility," and noted that "[p]etitioners' complaint was not deficient in that regard." *Id.* In the present case, plaintiff is not requesting that defendants' counterclaims be measured against a standard requiring the filing of "repetitive, comprehensive claims for relief setting forth each and every legal theory on which [it] may rely," but only that defendants comply with *Twombly* and *Iqbal*.

Defendants next argue that "a patentee need only plead an allegation that the defendant has plausibly infringed 'at least one claim' of the patent in order to survive a motion to dismiss." Defs.' Mem. at 9-10 (citing *Disc Disease Sols., Inc. v. VGH Sols., Inc.*, 888 F.3d 1256 (Fed. Cir. 2018)). *Disc Disease* discussed the pleading requirements for a complaint that asserts an infringement claim. The Federal Circuit found that such a claim was adequately pled in that case because the complaint "specifically identified [defendant's] products and alleged that the products

7

meet 'each and every element of at least one claim of [plaintiff's patents] either literally or equivalently.'" *Id.* at 1258. In addition, plaintiff "attached to the complaint the asserted patents and photographs of the accused products." *Id. Disc Disease* sheds no light on the issue in the present case, i.e., the facts that must be alleged to support a claim of patent invalidity. Unlike the complaint in *Disc Disease*, which provided "disclosures and allegations [sufficient] to provide [defendant] fair notice of infringement of the asserted patents," *id.* at 1260, the allegations in the present case do not give fair notice to plaintiff of the basis for all of defendants' invalidity claims, as noted below.

Next defendants argue that since plaintiff alleges that "[d]efendants directly and indirectly infringe at least certain claims of the '356 Patent, the '888 Patent, the '630 Patent, the '921 Patent, and the '684 Patent," Compl. ¶ 26, "the Court should not demand that [defendants] plead each and every legal theory of invalidity, for each of five patents." Defs.' Mem. at 10. It is no defense to the instant motion for defendants to point to possible insufficiencies in another party's pleading. Nor is "straw man" argumentation persuasive. No one is asking defendants to "plead each and every legal theory of invalidity for each of five patents," but to plead sufficient facts in support of their claims, as the law requires.

Finally, on the merits, defendants assert that the counterclaims are sufficiently pled, but an examination of the counterclaims themselves does not bear this out. Defendants claim that all of plaintiff's patents are invalid under § 101 (patentability), but no facts are alleged in support of this claim. Nor does defendants' response brief offer any argument to support such a claim. The Court shall therefore grant plaintiff's motion and dismiss Counterclaim Counts I-V to the extent they are based on § 101.

Defendants also claim that all of plaintiff's patents are invalid under § 102 (novelty)

and § 103 (non-obviousness). Plaintiff challenges these claims only as to Counts IV and V, which claim invalidity, respectively, of the '684 and '630 patents. Defendants argue that these claims are sufficiently supported by the following allegations:

> 134. At least Claim 20 of the '684 Patent claims new matter not previously claimed or disclosed in the '073 Patent or '506 Provisional.
>
> * * *
>
> 151. At least Claim 1 of the '630 Patent claims new matter not previously claimed or disclosed in the '073 Patent, '684 Patent, or '506 Provisional.

Countercls. ¶¶ 134, 151. Defendants do not explain how these allegations lend plausibility to their claim that the '684 and '630 patents are invalid because the inventions claimed therein are obvious or not novel. Rather, defendants argue that "[b]ecause the '684 and '630 Patents have the same specification as the '073 Patent, this means [plaintiff's] patents fail to satisfy the written description or enablement requirements of Section 112." Defs.' Mem. at 10. But as noted, plaintiff does not challenge defendants' § 112 claim as to Counts IV and V. As defendants have failed to show that their § 102 or § 103 claims as to these counts are sufficiently alleged, those claims are dismissed.

Finally, plaintiff challenges defendants' claims in Counts I-III that, respectively, the '888 patent, the '356 patent, and the '921 patent are invalid under § 112 (specification). In response, defendants argue:

> Because the '684 and '630 Patents have the same specification as the '073 Patent, this means BesTop's patents fail to satisfy the written description or enablement requirements of Section 112. *Id.* (PgID.220 ¶¶ 141, 158). Because the patents claim new matter, that also means that BesTop cannot claim priority to the '073 Patent for the same reasons discussed with respect to counts I through III, and the prior art discussed in Counts I through III is also prior art to the '684 and '630 Patents. *See id.* (PgID.208 ¶¶ 73-75). The asserted

9

> claims of each of the patents differ in only minor respects, and claim substantially the same invention using slightly different terminology. *Compare* '888 Patent (ECF No. 1-6 PgID.87 at Claim 1) *with* '684 Patent (ECF No. 1-6 PgID.150 at Claim 20). And in fact, BesTop relies on largely copy-and-paste paragraphs to allege infringement for each of said patents in the same way. *Compare Complaint* (ECF No. 1 PgID.15 ¶ 58) *with id.* (PgID.35 ¶ 121). Thus, BesTop is on notice that prior art that anticipates or renders obvious the '888 Patent would also anticipate or render obvious its other asserted claims, and that its patents fail to satisfy 35 U.S.C. § 112. The factual content alleged with respect to the '342 Patent, as well as the '342 Patent itself, which is attached to and forms part of the pleading, places BesTop on notice as to how the '342 Patent can be read on each of the asserted claims of the Patents-in-Suit. *See id; see also, Answer & Counterclaims* (PgID.194-198 ¶¶ 6-24).

Defs.' Mem. at 10-11. At most this paragraph is an argument that the '888 patent is invalid due to nonobviousness and that the '684 and '630 patents may be invalid for failing to comply with § 112. But the Court can find no allegation in the counter-complaint, and no argument in defendants' response brief, to support the claims in Counts I-III that the '888 patent, the '356 patent, or the '921 patent is invalid under § 112. Accordingly, the Court shall dismiss these counts to the extent they assert § 112 claims.

Plaintiff also seeks dismissal of defendants' claims for false marking and inequitable conduct. Having reviewed these counterclaims and the parties' briefs, the Court is satisfied that both of these claims are adequately alleged. Plaintiff may, if it wishes to do so, challenge them again after the parties have had an opportunity to engage in discovery.

Finally, plaintiff asks that the Court dismiss defendants' affirmative defenses for invalidity, false marking, and inequitable conduct because "[t]hese defenses add nothing beyond what Webasto pleads inadequately in its counterclaims." Pl.'s Br. at 21. While the Court "may strike from a pleading an insufficient defense," Fed. R. Civ. P. 12(f), such a motion generally

10

"should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action." 5C C. Wright & A. Miller, *Federal Practice and Procedure* § 1382, at 433-41 (2004) (footnotes omitted). Plaintiff has not shown that this standard is met as to the affirmative defenses in question. Accordingly,

IT IS ORDERED that plaintiff's motion to dismiss defendants' counterclaims is granted in part and denied in part as follows: Counterclaim Counts I-V are dismissed to the extent they assert invalidity based on § 101; Counts I-III are dismissed to the extent they assert invalidity based on § 112; and Counts IV and V are dismissed to the extent they assert invalidity based on §§ 102 or 103. Otherwise, plaintiff's motion is denied.

Dated: June 25, 2019  
    Detroit, Michigan

s/Bernard A. Friedman  
BERNARD A. FRIEDMAN  
SENIOR UNITED STATES DISTRICT JUDGE